## RILEY v CAREY etc

Ohio Appeals, 4th Dist, Lawrence Co
Decided November 12, 1929

Messrs. A. R. Johnson, A. J. Layne, Irish & Riley, Ironton, for Riley.

Messrs. Corn and Jenkins, Ironton, for Carey etc.

### BY THE COURT

It is sufficient at this time to say that the evidence adduced in the trial of the case fairly established the negligence of Garner Riley and that his negligence was the proximate cause of Carey's injury. The real question in the case, and in fact the only question, was to determine the relation between Garner Riley, the son, and Floyd W. Riley, the father, in respect to the control of the truck and the conditions under which that control was being exercised at the time of the accident.

The truck was being used to haul gravel and sand for a public highway under the control and management of the county. It may be well to say at this time that Garner Riley was an infant of the age of about nineteen years at the time of the injury. The father, Floyd W. Riley, testified that his son had returned the truck from him for a consideration of $7.50 per day and that he had no control or connection with its operation either at the time of the accident or at any time for a period of seven days beginning on the first day of September, 1927. The claim of the plaintiff below was that Garner Riley was the agent and servant of Floyd W. Riley at the time of the accident and that this relation existed between the father and

son. The undisputed facts in the case are that the father received pay from the county in the sum of $105.00 for the use of the truck by the county for the period of seven days beginning September 1 aforesaid, and that in payment of this service he received a voucher for the sum of $105.00 which was by him divided equally between himself and his son, each receiving **$52.50.**

In the trial below Riley submitted the following special interrogatory to the jury:

"Was the truck of the defendant being operated at the time plaintiff was injured by the son of the defendant under an agreement between them whereby defendant was to receive pay for the use of his said truck and whereby his said son was to use said truck in the performance of work of his own?

Answer: Partnership."

It is apparent from the answer to this special interrogatory that the jury accepted as true the statement of Riley that the amount received from the operation of the truck had been equally divided between him and his son, but did not find that this division was made under a contract of rental as claimed by Riley. It is apparent that the jury preferred to believe from the facts stated that the father and son divided equally the receipts from the operation of the truck under a partnership arrangement. It is evident, therefore, from the whole record that Riley's own testimony established in the minds of the jury the fact of a partnership and that the jury did not accept the claim of Riley that there was a contract of rental only. Now it is further apparent from the record that Riley has told the jury in the trial of this case all that he could say or had to say in respect to the relations between him and his son at the time of the accident. The possibility of a conclusion of this kind evidently occurred to the trial court, who at the close of the general charge to the jury instructed them at the request of the plaintiff that if they found that the defendant and his minor son had entered into a partnership

"whereby the father was to furnish the truck, gasoline and oil, and the son was to drive the truck, and the money derived from the joint undertaking was to be divided between them, the defendant would be liable for the acts of the son done in the joint undertaking."

The petition, as before observed, based the claim of the plaintiff on the ground that Garner Riley was acting as the agent and servant of his father and there was no claim made in the petition of any partnership arrangement between them. We are not impressed with the claim made by counsel for Carey that a partnership necessarily creates the relation stated in the petition. We conclude, however, that under the provisions of **11363 GC.** and in the furtherance of justice the petition of the plaintiff should be amended so as to include in the alternative the claim of a partnership between the father and son. All of the facts which the defendant Riley could claim in defense of either an allegation of agent and servant or a partnership were before the jury in the trial below, and the jury found that the father and son were partners in the operation of the truck at the time of the injury. Under this state of facts it can not be prejudicial to the defendant to permit this amendment, and when so made the judgment will be affirmed.

We have examined the other complaints made in this proceeding and find none that are with any substantial merit.

Middleton, PJ., Mauck and Blosser, JJ., concur.